16-1913-cv
*Friedman, et al. v. JP Morgan Chase & Co., et al.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 26th day of April, two thousand and seventeen.

PRESENT: ROSEMARY S. POOLER,
RICHARD C. WESLEY,
SUSAN L. CARNEY,
*Circuit Judges.*

_____

RICHARD FRIEDMAN, as Executor of the Estate of Shirley Friedman, CARLA HIRSCHHORN, on behalf of themselves and on behalf of all others similarly situated, together with the parties listed on Exhibit "A" hereto,

*Plaintiffs-Appellants,*

-v.-                                                   16-1913-cv

JPMORGAN CHASE & CO., JPMORGAN CHASE BANK, N.A., JP MORGAN

SECURITIES LLC, JPMORGAN SECURITIES LTD., JOHN HOGAN, RICHARD CASSA,

*Defendants-Appellees.*

FOR APPELLANTS: LANCE GOTTHOFFER (Helen Davis Chaitman, *on the brief*), Chaitman LLP, New York, NY.

FOR APPELLEES: JOHN F. SAVARESE (Stephen R. DiPrima, Emil A. Kleinhaus, Noah B. Yavitz, *on the brief*), Wachtell, Lipton, Rosen & Katz, New York, NY.

Appeal from the United States District Court for the Southern District of New York (Koeltl, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED,**

**ADJUDGED AND DECREED** that the judgment of said District Court be and it

hereby is **AFFIRMED**.

Plaintiffs-Appellants (as captioned above and referred to herein as

"Plaintiffs") appeal the May 18, 2016, Opinion and Order of the United States

District Court for the Southern District of New York (Koeltl, *J.*) dismissing in its

entirety their Second Amended Complaint ("SAC") against Defendants-

Appellees JPMorgan Chase & Co., JPMorgan Chase Bank, N.A., JP Morgan

Securities LLC, JPMorgan Securities Ltd., John Hogan, and Richard Cassa

(collectively, "JPMorgan"), which asserted, as relevant here, a control-person

2

claim under Section 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78t(a), and a claim under the Federal Racketeer Influenced and Corrupt Organizations Act, 18 U.S.C. §§ 1961 *et seq.* (the "Federal RICO claim"). We assume the parties' familiarity with the underlying facts and the procedural history, which we reference only as necessary to explain our conclusions.

Plaintiffs are former customers of Bernard L. Madoff Investment Securities LLC ("BLMIS") who are commonly referred to as "net winners," having withdrawn more from Bernard Madoff's Ponzi scheme than they put in. More than five years after Madoff's 2008 arrest, Plaintiffs sued JPMorgan under Section 20(a), alleging that JPMorgan, as primary banker to Madoff and BLMIS, is liable for BLMIS's and Madoff's individual violations of Section 10(b) and Rule 10b-5 of the Exchange Act. Plaintiffs also raised various claims under the federal RICO statute and state law.

The District Court dismissed Plaintiffs' SAC in its entirety on several independent grounds. As relevant here, the District Court first held that Plaintiffs' Section 20(a) control-person claim failed for three reasons. *First*, the claim was time-barred by the Exchange Act's five-year statute of repose, which— unless and until the Supreme Court informs us that our decision in *Police and Fire*

*Retirement System of City of Detroit v. IndyMac MBS, Inc.*, 721 F.3d 95, 109-10 (2d Cir. 2013), is erroneous—is not entitled to tolling under *American Pipe & Construction Co. v. Utah*, 414 U.S. 538 (1974). Further, even if statutes of repose were entitled to *American Pipe* tolling, such tolling was not available here given the differences between the present claims and parties and those in the class action that Plaintiffs argue paused the clock. *Second*, even if Plaintiffs' Section 20(a) claim were timely, the District Court found that Plaintiffs failed to adequately plead that JPMorgan exercised the requisite "control" over BLMIS or the Ponzi scheme under the law of this Circuit. *Third*, there was no plausible allegation that JPMorgan employees knew or culpably participated in the Ponzi scheme. The District Court then expressly declined to address whether Plaintiffs' various theories of damages were cognizable under Section 20(a). Finally, the District Court dismissed the Federal RICO claim as barred by the applicable four-year statute of limitations and, in any event, barred by the Private Securities Litigation Reform Act of 1995 ("PSLRA"), which precludes the use of allegations of securities fraud to form the basis for civil RICO liability. *See Friedman v. JP Morgan Chase & Co.*, No. 15-cv-5899, 2016 WL 2903273, at *10, *13, *14 (S.D.N.Y. May 18, 2016).

On appeal, Plaintiffs challenge each of the District Court's rulings, and, more specifically, each independent basis for dismissal.

With respect to Plaintiffs' Section 20(a) claim, we agree with the District Court's conclusion that Plaintiffs failed to adequately plead the control element of their Section 20(a) claim. We therefore need not consider the remainder of Plaintiffs' arguments as to that claim. *See ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.,* 493 F.3d 87, 108 (2d Cir. 2007) ("To establish a prima facie case of control person liability, a plaintiff must show . . . control of the primary violator by the defendant . . . .").

We have also considered the remainder of Plaintiffs' arguments as to the dismissal of their Federal RICO claim and find them to be without merit. Accordingly, the judgment of the District Court is AFFIRMED.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

5